## ZAHLER v UNITED HOME ORDER OF CLEVELAND, OHIO

Ohio Municipal Court of Cleveland

Decided Dec 13, 1938

Lurie & Zaller, Cleveland, for plaintiff. Don Miller, Cleveland, for defendant.

### OPINION

By COPLAND, J.

The facts in the present case are as follows:

The defendant is a fraternal insurance association, organized and existing under and by virtue of the laws of the State of Ohio. It issues charters to subordinate lodges which function in different parts of the state among which subordinate lodges there is one located in Cleveland, Ohio. In connection with the membership of these various lodges the defendant, as the Grand Lodge of the order, issues certificates of insurance to the members of the constituent lodges.

One George A. Zahler was a member of the Cleveland constituent lodge since 1913 and there was issued to him a certificate of insurance by the Grand Lodge in the principal sum of $500.00, with the plaintiff, Margaret Zahler, the wife of said George Zahler, as beneficiary.

The constitution of the Grand Lodge provided in substance that in the event of the

nonpayment of dues by any member of any constituent lodge for one month that such member shall be suspended and shall be entitled to no benefits of the order. It further provided that a member who shall have been suspended for one month may become reinstated by the payment of his delinquent dues. It further provided that in the event such member is delinquent for three months that he may be reinstated provided he undergo a medical examination and such medical examination show him to be in good health. It further provided that it shall be the duty of the financial secretary of each subordinate lodge to notify all members who are in arrears for dues.

The facts in the instant case further show that many of the members of the subordinate lodge became delinquent in their dues from time to time and were suspended on the books of the lodge, but were reinstated upon the payment of dues without the formality of any medical examination.

It further developed that the monthly assessments against the members were not uniform each month, since such assessments would vary and depend largely upon the amount which the district Grand Lodge would be required to pay its members by way of sick benefits and also on death claims.

The assured, George A. Zahler, had been in arrears in his dues on many previous occasions for a period as high as five months and would at the end of that period of time pay up such arrearages without any questions being put to him and without any formalities, such as medical examination or otherwise.

The dues of said assured were paid up to November, 1937. During said month the said assured went to Little Rock, Arkansas, where he stayed until February 25, 1938, when he died. The said assured had failed to pay the monthly dues to his lodge during the months of November and December, of 1937, and January and February, of 1938. However, the evidence shows that on February 21, 1938, Margaret Zahler, the plaintiff herein and the wife of the assured, and also a member of the said lodge and who was similarly in arrears in her dues for the same months, tendered her dues together with that of her husband's to the secretary of the lodge at a meeting thereof. Her dues were accepted, but the lodge refused to accept from her the dues of her husband, George A. Zahler.

It further appears that no notice of such

delinquency or the amount of the premium was sent by the secretary of the lodge or any other person for and on behalf of said lodge, to the said assured or his wife.

It further developed that because of nonpayment of the November dues the name of George A. Zahler was reported by his constituent lodge to the Grand Lodge as suspended and the following month, namely, January of 1938, for failure to pay his dues, the said assured was reported as lapsed, neither of which facts, however, had been conveyed to the said assured by notice or otherwise.

As beneficiary of the aforementioned certificate of insurance the plaintiff made claim upon the defendant for the payment of the $500.00, but the defendant refused to pay the same, holding that said policy of insurance had lapsed by reason of nonpayment of premiums and that said policy of insurance was, at the time of the death of the said assured, of no effect.

The matter involved in the instant case resolves itself into two questions of law, namely, viz:

1. Where the constitution and by-laws of a mutual benefit insurance association provide that notice of assessments shall be given to members, will failure to give such notice preclude the association from asserting the defense of nonpayment of assessments in a suit brought to recover on the insurance contract?

2. Will the custom of a mutual benefit insurance association to accept overdue assessments operate as a waiver of the forfeiture clause in an insurance contract with a member of the association? Or similarly, will the association be estopped to claim a forfeiture where, by its conduct, it had led its members to believe that certain provisions of its constitution had been waived and which provisions would not be insisted upon?

This court has given serious and thoughtful consideration to the arguments of counsel for plaintiff and defendant and they are both to be commended upon the splendid manner of the presentation of the case, both from the point of a presentation of facts and law in the matter.

With respect to the first question relative to notice, the preponderance of the cases seem to indicate that if the statutes or the constitution or by-laws of a beneficial or fraternal society provide that members shall be notified of dues and assessments, the failure of a member to pay dues or assessments of which he has not been notified cannot serve as a basis for the

forfeiture of the rights to benefits, but the giving of such notice in such case is a condition precedent to an exercise by the society of the right of forfeiture; and this has been held to be the rule even when the member has knowledge that an assessment has been made. (45 C. J. 101, Par. 82).

This fundamental principle of law appears to be followed in Ohio where, in a discussion upon the same matter Ohio Jurisprudence says:

"It devolves upon an order or society which requires that members should be notified to aver and establish, by a preponderance of the evidence, at least, that notice of assessments falling due was not merely mailed to the insured, but that he actually received a copy thereof." 29 **O. J.** 252, Par. 127.

An interesting case in point is also that of **Odd Fellows Protective Association v Hook,** 9 **O. Dec. Reprint,** 89, where it was held that in the absence of evidence that he had received the required notice, it was insufficient that the books of the lodge contained an entry that he had been dropped, in order to cause the forfeiture of a member's rights in the association.

In the case of **Judge v Masonic Mutual Benefit Association, 10 O.C.C. (N.S.) 473,** it was held that a fraternal benefit association can not predicate a forfeiture upon failure to pay an assessment if the requisite notice was not in fact received by the member.

In Smeltz v Police Mutual Aid Association, 300 N. Y. Supp. 133, the court held that in an action against a benefit association on a contract insuring the life of a member, non-payment of assessments was no defense where evidence established failure of the association to give notice of assessments as required by its constitution and by-laws.

By reason of the preponderance of the law in this matter, it is the view of this court that where the laws of an association require notice of assessments and such notice is not given, the association can not defend on the ground, that there has been a forfeiture because of nonpayment of such assessments.

* * *

We will now come on to consider the next legal question involved in this matter with respect to a waiver of the forfeiture clause in an insurance contract. Corpus Juris, on the subject of waiver and estoppel, states the following:

"Where the society, by its course of dealing with a particular member, or by a custom or usage in dealing with members generally known to the member and relied on by him, misleads the member into believing that the strict terms of the contract or of the by-laws, in regard to the time or mode of payments of dues and assessments and forfeiture for default therein, will not be insisted upon, it is precluded on the ground of estoppel or waiver from asserting a forfeiture for failure of the member strictly to comply with those terms, even though the contract or clause of the society provide that no waiver of forfeiture shall be valid unless in writing and signed by an officer of society." (45 C. J. 152, Par. 123).

In **Commercial Travelers' Life & Accident Association v Bagnell,** (9 Oh Ap 458, 29 O.C.A. 321, 1918), it was held that the association, by accepting overdue payments (five previous payments had been accepted after the stipulated due date), had waived its right to declare a forfeiture of the policy by reason of the last delinquency. In his opinion in this case, Lawrence, J, wrote:

"Forfeitures are not favored; they are odious; the law abhors them; and the record does not disclose any conduct on the part of the defendant association consistent with its present stand—an intention to waive is clearly shown."

In **Shields v Supreme Council of the Royal Arcanum,** (123 Oh St 31, 173 NE 731, 1930), the Supreme Court of Ohio held that where the insurer's conduct has been such as to affirmatively induce the belief that the forfeiture is waived, a waiver exists. The court also held that a fraternal benefit society can not exempt itself in advance in its by-laws from the effect of such waiver.

The foregoing cases and treatises indicate that the association by accepting prior delinquent payments of assessments will be deemed to have waived the forfeiture provisions of the insurance contract and will be estopped from asserting the defense of non-payment of the assessments, particularly where tender of payment of such assessment has been made for and on behalf of the assured to the association.

By reason of all the foregoing, the court finds in favor of the plaintiff and against the defendant in the sum of $500.00 together with interest at 6% from and after February 25, 1938 together with its costs. To all of which the defendant duly excepts.